UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CANDIE BAKER,

    Plaintiff,

v.                                                                          CASE NO: 25-cv
                                                                            HON.:

VICTOR OSEI and XAVIER HINTON,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>Shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |
|---|---|

*A civil action arising from one or more of the transactions or occurrences that are the subject matter of this lawsuit was voluntarily dismissed without prejudice in Eastern District of Michigan Case No. 25-cv-11587, before Hon. Matthew F. Leitman (ECF No. 14).*

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **CANDIE BAKER**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants respectfully states as follows:

1

1. Plaintiff is currently a resident of the City of Trufant, County of Montcalm, State of Michigan.

2. Defendant VICTOR OSEI is and/or was an employee/medical provider working at the Walter Reuther Psychiatric Hospital, a facility owned and/or operated and/or overseen by the Michigan Department of Health & Human Services ("WRPH"), and at all times mentioned herein was acting under color of law and within the course and scope of his employment.

3. Defendant XAVIER HINTON is and/or was an employe/medical provider working at the WRPH at all times mentioned herein was acting under color of law and within the course and scope of his employment.

4. The events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Eighth Amendment and/or the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. From approximately April 4, 2023 through February 20, 2024, Plaintiff was involuntarily committed to WRPH.

10. During this time period, Plaintiff was subject to repeated sexual harassment and/or sexual abuse and/or sexual assault at the hands of Defendants OSEI and HINTON.

11. Upon information and belief, Plaintiff reported some or all of these incidents to WRPH personnel and WRPH personnel did nothing to protect Plaintiff or remove her from these dangers.

12. Defendant OSEI began by making sexually suggestive comments to Plaintiff that made her feel uncomfortable.

13. Defendant OSEI came into Plaintiff's room on at least one occasion and rubbed Plaintiff's buttocks.

14. Defendant OSEI came into Plaintiff's room one night and fully penetrated Plaintiff's vagina.

15. Plaintiff attempted to get Defendant OSEI to stop but he did not and instead fully penetrated her vagina again.

16. Defendant HINTON made unwanted verbal sexual advances toward Plaintiff.

17. On one occasion, Defendant HINTON pushed Plaintiff up against a wall, roughly grabbed her neck, reached under Plaintiff's shirt, and groped her breasts.

18. Defendant HINTON then grabbed Plaintiff's hand, placed it near his penis, and rubbed Plaintiff's hand back and forth.

19. Defendant HINTON was rough and aggressive with Plaintiff on multiple occasions.

20. On at least two separate occasions, Defendant HINTON followed Plaintiff into the bathroom and fondled Plaintiff when she was finished urinating.

21. Upon information and belief, Plaintiff reported some or all of these incidents to WRPH personnel including, but not limited to, currently unknown investigators, but nothing was done to protect Plaintiff.

22. Defendant OSEI has continued to harass and intimidate Plaintiff since her release from WRPH via text message.

23. As a direct and proximate cause of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages.

## COUNT I
## 42 U.S.C § 1983
## FOURTEENTH AMENDMENT

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. Plaintiff has a due process interest in personal security and bodily integrity in which she has the right not to be exposed to dangers which infringe upon these interests while in custody, and such right is secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

26. As an involuntarily committed individual, Plaintiff possessed greater rights regarding confinement under the *Fourteenth* Amendment that those merely incarcerated.

27. Plaintiff had a constitutional right to be treated in a facility with safe conditions.

28. Defendants had a duty and obligation to provide Plaintiff with reasonable safety at WRPH and breached that duty and obligation.

29. Defendants made a conscious decision to expose Plaintiff to a known and substantial risk of injury in the form of sexual harassment and/or sexual abuse and/or sexual assault.

30. That by virtue of Plaintiff being in custody and/or control of the Defendants, Defendants had a duty to protect Plaintiff from violations of her right to

personal security and bodily integrity.

31. Defendants also caused an increased risk of harm to Plaintiff by intentionally exposing her to sexual harassment and/or sexual abuse and/or sexual assault and there was special danger to the Plaintiff which was created by Defendants.

32. At all pertinent times, the individual Defendants were acting under color of law and therefore owed Plaintiff the duty to avoid a violation of her constitutionally guaranteed civil rights.

33. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established constitutional rights.

34. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has suffered injuries and damages.

35. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## 42 U.S.C. §1983
## EIGHTH AMENDMENT

36. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. The Eighth Amendment imposes the following duties on Defendants:

   a. to provide humane conditions of confinement;

   b. to take reasonable measures to guarantee inmates' safety; and

   c. to protect inmates from harm.

   d. to not act with deliberate indifference in their treatment and care of Plaintiff.

38. Defendants displayed a conscious disregard of the dangers that were apparent to Plaintiff and displayed a deliberate indifference to Plaintiff's safety and health when they knowingly and deliberately exposed her to a danger, in the form of continued sexual harassment and/or sexual abuse and/or sexual assault.

39. Defendants active and passive treatment, or lack thereof, violated Plaintiff's *Eighth* Amendment rights.

40. The risk of harm was objectively sufficiently serious as Plaintiff was involuntarily committed under conditions posing a substantial risk of serious harm.

41. Defendants acted with deliberate indifference and/or recklessly disregarded the risk.

42. Defendants knew or should have known of the risk of harm to Plaintiff, as it was obvious and Plaintiff complained of the danger posed by Defendants OSEI and HINTON.

43. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established constitutional rights.

44. Because of Defendants' failure to protect Plaintiff from continued sexual harassment and/or sexual abuse and/or sexual assaults from Defendants OSEI and HINTON, despite Plaintiff's reports/complaints of same, Plaintiff was subject to continued sexual harassment and/or assaults.

45. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

>Respectfully Submitted,
>CHRISTOPHER TRAINOR & ASSOCIATES
>
>**s/ Jonathan A. Abent**
>CHRISTOPHER J. TRAINOR (P42449)
>AMY J. DEROUIN (P70514)
>JONATHAN A. ABENT (P78149)
>Attorneys for Plaintiff
>9750 Highland Road
>White Lake, MI  48386
>(248) 886-8650
>shanna.suver@cjtrainor.com
>amy.derouin@cjtrainor.com
>jon.abent@cjtrainor.com

Dated: October 22, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

CANDIE BAKER,

    Plaintiff,

v.

VICTOR OSEI and XAVIER HINTON,

    Defendants.

CASE NO:
HON.:

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>Shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **CANDIE BAKER,** by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

>  Respectfully Submitted,
>  CHRISTOPHER TRAINOR & ASSOCIATES
>
>  **s/ Jonathan A. Abent**
>  CHRISTOPHER J. TRAINOR (P42449)
>  AMY J. DEROUIN (P70514)
>  JONATHAN A. ABENT (P78149)
>  Attorneys for Plaintiff
>  9750 Highland Road
>  White Lake, MI  48386
>  (248) 886-8650
>  shanna.suver@cjtrainor.com
>  amy.derouin@cjtrainor.com
>  jon.abent@cjtrainor.com

Dated: October 22, 2025